IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. KORBHOLZ, as Trustee for the WALDMAN CHILDREN'S TRUST,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY,<br><br>　　　　Defendant.<br>_____/ | No. 03-03792 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 22, 2008, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites *and without argument or additional briefing*. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

Each party shall have fifteen (15) minutes to address the following questions:

1. Plaintiff suggests that the Court should either provide an opinion on the options available to him or make the election of remedies for him. However, except as noted in question 3, this case is at the judgment phase. On what authority does Plaintiff rely to

suggest that he is not required to make an election before the Court rules on these motions?

2. The California Supreme Court has stated that "one who has been injured by a breach of contract has an election to pursue any of three remedies, to wit: He may treat the contract as rescinded and may recover upon a quantum meruit so far as he has performed; *or he may keep the contract alive, for the benefit of both parties, being at all times ready and able to perform*; or, third, he may treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have realized if he had not been prevented from performing." *Alder v. Drudis*, 30 Cal.2d 372, 381-382 (1947) (internal quotations omitted, emphasis added). Although *Alder* did not involve an insurance dispute, the emphasized phrase appears to support Defendant's position that, if Plaintiff does not wish to terminate the insurance policy and recover damages for Defendant's breach, he must be ready and able to perform his obligations under the policy. What is Plaintiff's response to this statement in *Alder*?

3. The Defendant argues that the Ninth Circuit's opinion left the ruling on the tortious breach of the implied covenant of good faith and fair dealing in place. However, this Court concluded that Plaintiff could not prevail that claim because, under its interpretation of the policy, it determined that Defendant had not breached the policy. Given the Ninth Circuit's ruling on the interpretation of the policy, it appears to the Court that the tortious breach claim remains open for determination. What is Defendant's best argument to the contrary?

4. Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: August 15, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE