IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL L. KORBHOLZ,

    Plaintiff,

v.

GREAT-WEST LIFE & ANNUITY
INSURANCE COMPANY,

    Defendant.
_____/

No. C 03-03792 JSW

**ORDER REQUIRING ELECTION AND FURTHER BRIEFING**

    This matter came before the Court for a hearing on the parties' cross-motions for summary judgment on the issues of remedies. The Court has carefully considered the parties' papers, relevant legal authority, and their arguments, and concludes that Plaintiff must elect between affirming the contract or treating it as terminated. The Court also shall require further briefing on Plaintiff's fourth cause of action, as set forth in this Order.

    In his papers, Plaintiff states that he seeks a declaration that the insurance policy be reinstated and that he will not be required to pay back premiums. If, however, the Court rejects this legal argument, Plaintiff requests damages as an alternative remedy. At the hearing, Plaintiff, through counsel, stated that he believed the instant motions would provide "guidance" on the available remedies. In essence, Plaintiff asks this Court for an advisory opinion on the consequences of affirming the insurance policy. As the Court noted, however, this case is no longer at the pleadings phase. Indeed, on the issue of the proper interpretation of the policy, Defendant's liability has been established. Thus, the question is what form the judgment should take.

Plaintiff refers the Court to *E.H. Boly & Son, Inc. v. Schneider*, 525 F.2d 20 (9th Cir. 1975), for the proposition that the Court may elect the appropriate remedy.  In that case, the Ninth Circuit noted that a plaintiff may claim damages and restitution as alternative remedies, leaving the ultimate election to the court.  *See id.* at 23 n.3.  The decision as to whether affirm or terminate the contract had already been made.  The Court does not read *E.H. Boly* to stand for the proposition that the Court is permitted to elect for the plaintiff whether to affirm or terminate the contract at issue.

Accordingly, the Court shall require Plaintiff to submit an election as to whether he intends to affirm the insurance policy or treat it as terminated in light of the Defendant's breach.  If Plaintiff intends to treat the insurance policy as terminated, Plaintiff shall be required to submit additional briefing, including evidentiary support, on the proper measure of and amount of damages.

With respect to Plaintiff's fourth cause of action, because the focus of Plaintiff's brief was on post-appeal conduct, rather than on the conduct alleged in the Complaint, the Court shall permit further briefing on this cause of action.  Furthermore, the Court believes that the post-appeal conduct should be considered on this cause of action.  The Court does not intend to re-open the issue of whether Defendant acted in bad faith in denying Plaintiff's application to reinstate coverage.

The briefs required by this Order shall not exceed ten pages in length.  Defendant's opposition briefs also shall be limited to ten pages.  Plaintiff's reply briefs shall not exceed five pages.  Further, the statement of election and all briefs shall be due to this Court by no later than September 19, 2008.  Defendant's opposition briefs shall be due on October 3, 2008.  Plaintiff's replies shall be due on October 10, 2008.  At that time, the matter will be deemed submitted, but the Court shall notify the parties if it believes a hearing is necessary.

//

//

//

2

If the parties are able to resolve their differences in the interim, they shall so notify the Court and request that the briefing schedules be vacated.

**IT IS SO ORDERED.**

Dated: August 25, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE