IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL L. KORBHOLZ,

    Plaintiff,

v.

GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY,

    Defendant.

No. C 03-03792 JSW

**ORDER SETTING FURTHER HEARING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT ON REMEDIES AND NOTICE OF TENTATIVE RULING THEREON**

    The Court has received and considered the parties' supplemental briefing on their cross-motions for summary judgment on the remedy in this case and on Plaintiff's fourth claim for relief. Having reviewed the parties' papers and relevant legal authority, the Court has determined a further hearing is warranted. Accordingly, the parties shall appear on **December 19, 2008 at 9:00 a.m. for a further hearing on the motions.**

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites *and without argument or additional briefing*. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of

counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively grants** Defendant's motion for summary judgment on Plaintiff's fourth claim for relief. The Court **reserves issuing a tentative ruling** on damages, although the Court **tentatively rejects** Plaintiff's proposed measure of damages.

Each party shall have fifteen (15) minutes to address the following questions:

1. What is Defendant's best argument that the Court should not have permitted Plaintiff to elect between affirming the Policy and treating the Policy as terminated on a theory of anticipatory breach? Does Defendant contend that it has retracted its repudiation of the Policy? *See Central Valley General Hospital v. Smith*, 162 Cal. App. 4th 501, 514-15 (2008) (citing *Taylor v. Johnston*, 15 Cal. 3d 130, 137-38 (1975)).

2. Plaintiff claims to have elected to terminate the Policy. However, on reply, he claims he is not seeking restitution but, rather, has chosen to "affirm the Policy and seek damages for breach of contract." (Reply at 2 n.4.) How does Plaintiff reconcile this apparent contradiction?

3. Plaintiff relies on *Krebs v. Security Trust & Life Ins. Co.*, 156 F. 294 (D. Or. 1907) to support his position that the proper measure of damages is "the amount of premiums paid with interest." *See Krebs*, 156 F. at 297 (noting that *some authorities* had concluded that where policy holder has elected to treat the policy as *rescinded*, rather than enforce it, the measure of relief, is the amount of premiums paid, with interest").
However, the court in *Krebs* noted a conflict in authorities and stated that:

> it is held by many authorities that, if the assured is in a state of health that he can secure other insurance of like nature and kind, his measure of damages is the difference between the cost of carrying the insurance which he has, for the term stipulated for, and the cost of new insurance at the rate he would then be required to pay for a like term. If, however, he is unable to obtain other insurance, than his measure of damages will be the present value of his policy as of the date of death, less the estimated cost of carrying the same from the date of cancellation, at his then age.

*Id.* at 297. Ultimately, the court concluded that it was "constrained to adopt the latter of the two rules." *Id.* at 298.

2

      a.    How does Plaintiff respond to these statements in *Krebs*, especially in light of his position that he "has elected to affirm the Policy and seek damages."

      b.    Plaintiff was covered from 1986 through 2002, when Great West terminated the policy. Why should the Court not account for the fact that he did receive some benefit during that time when it determines what the appropriate measure of damages should be? *See also Bollenbeck v. Continental Cas. Co.*, 243 Or. 498, 519 (1966) (concluding that, when a policy holder seeks to rescind a policy based upon an anticipatory breach, the proper measure of damages is to "deduct[] from the amount of premiums which are returned to [policyholder] the value of the protection" he or she has received and overruling *Hinkson v. Kansas City Life Ins. Co.*, 93 Or. 473 (1919), which held that measure of damages was amount of premiums paid, with interest).

Dated: November 25, 2008

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3