United States District Court
For the Northern District of California

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. KORBHOLZ, as Trustee for the WALDMAN CHILDREN'S TRUST,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY,<br><br>　　　　Defendant. | No. 03-03792 JSW<br><br>**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

Now before the Court for consideration are the Motion for Summary Judgment Regarding Remedies filed by Plaintiff, Michael L. Korbholz ("Korbholz"), and the Cross-Motion for Summary Judgment filed by Defendant, Great-West Life & Annuity Insurance Company ("Great-West"). Having considered the parties' papers, including the parties' additional briefing, the record in this case, relevant legal authority, and having had the benefit of oral argument, the Court HEREBY GRANTS IN PART AND DENIES IN PART Korbholz's motion and GRANTS IN PART AND DENIES IN PART Great-West's cross-motion.

//
//
//
//
//

**BACKGROUND**

On August 13, 2003, Korbholz filed the Complaint in this action seeking relief based upon a dispute with Great-West arising out of Great-West's termination of a life insurance policy issued to Murray Waldman (the "Waldman Policy"), the ownership of which was later transferred to the Waldman Children's Trust, for which Korbholz is the trustee.

In his Complaint, Korbholz brought claims for declaratory relief, anticipatory breach of contract, breach of contract, and tortious breach of the implied covenant of good faith and fair dealing ("the tortious breach" claim). The Court previously has recounted the facts giving rise to this dispute and shall not repeat them here, except as necessary. (*See* Docket No. 52 (Order Denying Plaintiff's Motion for Partial Summary Judgment and Granting Defendant's Motion for Summary Judgment Or Alternatively Summary Adjudication of Issues ("MSJ Order")).) In brief, the crux of the parties' dispute was the proper interpretation of the meaning of the term "paid," as used in the Grace Period provision of the Waldman Policy, and whether Korbholz paid a premium in a timely fashion. On June 10, 2005, the Court determined that Great-West's interpretation of the Waldman Policy was correct and granted Great-West's motion for summary judgment.

On July 26, 2007, the Ninth Circuit reversed, and concluded that because the Waldman Policy did "not specifically define whether a premium is deemed paid when it is mailed by the insured or when it is received by the insurer or its agent[,] ... the absence of a clear indication of the parties' intent leads us to conclude that the mailbox rule should apply." *See Korbholz v. Great-West Life & Annuity Insurance Co.*, 238 Fed. Appx. 287, 288, 2007 WL 1879712 (9th Cir. June 29, 2007).

In the motions for summary judgment currently under consideration, Korbholz initially asked for a declaration that the Policy be reinstated without conditions and that the Court grant judgment in his favor on the tortious breach claim. As an alternative remedy, Korbholz asked that the Court terminate the Waldman Policy and award damages on the breach of contract claim, but only if the Court was unwilling to reinstate the Waldman Policy without conditions. Korbholz offered no evidence in support of his alternative claim for damages and asserted that a

1  trial would be necessary. Great-West is willing to reinstate the Waldman Policy. However, it
2  contends that reinstatement should be conditioned upon the payment of back premiums in the
3  amount of $ 69,181.09. Korbholz does not dispute this figure. The parties do not dispute that
4  Korbholz would be required to pay premiums on the Waldman Policy going forward.

5    On August 22, 2008, the Court held a hearing on the motions. Following that hearing,
6  the Court ordered Korbholz to elect between terminating the Waldman Policy and affirming it.
7  The Court also ordered the parties to submit supplemental briefing on the appropriate measure
8  of damages, if Korbholz elected to treat the Waldman Policy as terminated, and on Korbholz's
9  tortious breach claim.

10   On September 19, 2008, per this Court's Order, Korbholz elected to treat the Waldman
11 Policy as terminated. Korbholz now contends that the proper measure of damages is the amount
12 of premiums paid, plus compound interest from the date each premium was paid. Using this
13 measure, Korbholz seeks damages in the amount of $227,648.79. In its supplemental briefing,
14 Great-West maintains that it was not appropriate to have allowed Korbholz to elect between
15 terminating and affirming the Waldman Policy. Great-West also takes issue with Korbholz's
16 proposed measure of damages.

**ANALYSIS**

**A.  Legal Standards on Motions for Summary Judgment.**

19   Summary judgment is proper when the "pleadings, depositions, answers to
20 interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
21 genuine issue as to any material fact and that the moving party is entitled to judgment as a
22 matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence
23 for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*,
24 477 U.S. 242, 248-49 (1986). A fact is "material" if the fact may affect the outcome of the case.
25 *Id*. at 248. "In considering a motion for summary judgment, the court may not weigh the
26 evidence or make credibility determinations, and is required to draw all inferences in a light
27 most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir.
28 1997).

3

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* Once the moving party meets this initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.  The Court Grants Judgment in Favor of Korbholz on the Declaratory Relief Claim.**

Since the inception of this lawsuit, Korbholz has sought a declaration that the Waldman Policy is to be reinstated. (*See, e.g.,* Compl., Prayer for Relief.) Although the Court required him to make an election, having considered the parties' arguments on this point, including Great-West's arguments that it retracted its repudiation of the Waldman Policy before Korbholz's election of remedies, the Court concludes that a declaration that the Waldman Policy shall be reinstated is appropriate and is consistent with the Ninth Circuit's ruling that "Korbholz's mailing of the check prior to the expiration of the grace period was *sufficient to keep the [Waldman Policy] in effect.*" *Korbholz*, 238 Fed. Appx. at 288, 2007 WL 1879712 (emphasis added).[1]

The Court also concludes that Korbholz should not be required to pay back premiums as a condition of reinstatement. As Great-West acknowledges, *Caminetti v. Pacific Mut. Life Ins. Co.*, 23 Cal. 2d 94 (1943) and *Walker v. Occidental Life Ins. Co.*, 67 Cal. 2d 518 (1967) are not squarely on point. Although the Court does not find Great-West's position to be unreasonable

---

[1] In light of this ruling, Korbholz's alernative claims for relief for anticipatory breach and breach of contract are DISMISSED.

4

or taken in bad faith, given the factual distinctions between those cases and the instant case, the Court does not find them to be dispositive.

Accordingly, Korbholz's motion for summary judgment on remedies is GRANTED IN PART.

### C. Great-West's Motion for Summary Judgment on the Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing Claim is Granted.

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement. ... This principle is applicable to policies of insurance." *Comunale v. Traders & General Ins.* Co, 50 Cal. 2d 654, 658 (1958). In order to prevail on this claim, Korbholz must demonstrate that Great-West acted unreasonably when it deemed the Waldman Policy terminated. *See, e.g., Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001) ("In order to establish a breach of the implied covenant of good faith and fair dealing under California law, a plaintiff must show: (1) benefits due under the policy were withheld; and (2) the reason for withholding the benefits was unreasonable or without proper cause."). Great-West asserts that it cannot be held liable on this claim because no claim was made under the policy. However, if an insurer unreasonably cancels a policy, it also may be held liable on a bad faith breach theory. *See, e.g., Helfand v. National Union Fire Ins. Co. of Pittsburgh*, 10 Cal. 4th 869, 903 (1992) (citing *Spindle v. Travelers Ins. Cos.*, 66 Cal. App. 3d 951, 958 (1977)).

Korbholz originally brought the tortious breach of the implied covenant of good faith and fair dealing based upon his assertion that Great-West's interpretation of the Waldman Policy was inherently unreasonable and that Great-West terminated it without an adequate investigation of the facts relating to the payment. "[A] court can conclude as a matter of law that an insurer's denial of claim is not unreasonable, so long as there existed a genuine issue as to the insurer's liability." *Lunsford v. American Guarantee & Liability Ins., Co.*, 18 F.3d 653, 656 (9th Cir. 1994) (citing *Franceschi v. American Motorists Ins. Co.*, 852 F.2d 1217, 1220 (9th Cir. 1988); *see also Guebara*, 237 F.3d at 992 (noting that a court can conclude "as a matter of law that an insurer's denial of a claim is not unreasonable, so long as there existed a genuine

5

dispute as to the insurer's liability") (quoting *Lunsford*, 18 F.3d at 656, emphasis omitted). Under California law, "'[b]ad faith implies unfair dealing rather than mistaken judgment.'" *Congleton v. National Union Fire Ins. Co. of Pittsburgh*, 189 Cal. App. 3d 51, 59 (1987) (quoting *California Shoppers Inc. v. Royal Globe Ins. Co.*, 175 Cal. App. 3d 1, 54, 55 (1985)).

As noted in the Court's MSJ Order, Great-West's Past Due Notices each stated that "[i]f payment of at least the minimum amount is not *received*" by the end of the Grace Period, "the insurance protection will lapse." This Court found that language supported Great-West's interpretation of the Policy. (*See* MSJ Order at 9:25-10:2.) In addition, Korbholz's conduct also supports a conclusion that Great-West's interpretation of the Waldman Policy was not inherently unreasonable. Initially, Korbholz did not dispute Great-West's termination on the basis that his payment was timely. Rather, Korbholz sent Great-West another premium check with an Application for Reinstatement. (*See id.* at 10:2-4.) Moreover, although the Ninth Circuit concluded that this Court's interpretation of the Waldman Policy was incorrect, it did not suggest that Great-West's position was unreasonable or that there was not a genuine issue as to liability based upon that interpretation. *See Korbholz v. Great-West Life & Annuity Insurance Co.*, 238 Fed. Appx. 287, 2007 WL 1879712 (9th Cir. June 29, 2007). "When the alleged bad faith conduct consists of the insurer's interpretation of its ambiguous policy to exclude coverage, that interpretation is not conclusive evidence of bad faith unless it is 'inherently unreasonable.'" *Congleton*, 189 Cal. App. 3d at 59. For the foregoing reasons, the Court determines that, as a matter of law, Great-West's interpretation of the Policy was not inherently unreasonable.

Korbholz also premises this claim on Great-West's failure to investigate whether the payment was received in a timely fashion before it terminated the Waldman Policy. It is undisputed that Great-West uses a third-party administrator, TAG, to process premium payments and to send out lapse notices. Great-West put forth evidence regarding TAG's standard operating procedures in handling payment premiums. That evidence demonstrated that TAG would stamp checks on the date they were received and would process checks on the same date. In addition, the record shows that if an account had lapsed, TAG would not be able to

6

1  post a premium to the account. Rather, it was required to deposit any payment received into a
2  "suspense account." (*See, e.g.,* Docket No. 20 (Declaration of Pamela Anderson, ¶¶ 1-7, 17.)

3  Korbholz relies on a number of cases that stand for the proposition that an insurance
4  company may breach the implied covenant of good faith and fair dealing when it "fails to
5  properly investigate its insured's *claim*." *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal. 3d 809,
6  817 (1979) (emphasis added); *see also Parker v. AIG Life Ins. Co.*, 317 F. Supp. 2d 1167 (C.D.
7  Cal. 2004), *Everett Assocs. Inc. v. Transcontinental Ins. Co.*, 159 F. Supp. 2d 1196, 1202-03
8  (N.D. Cal. 2001). Each of these cases, however, addressed the issue of whether an insurance
9  company adequately investigated a *claim* for benefits following an injury or illness arguably
10 covered by insurance. Thus, the Court finds them inapposite.

11 Even if these cases were applicable, as noted above, Korbholz sent Great-West an
12 application for reinstatement without raising a dispute over whether his payment dated May 28,
13 2002 was timely. (*See* Docket No. 24 (Declaration of Patrick McKinney, Ex. J.) Thus, his
14 conduct would not have suggested to Great-West that it should investigate the facts underlying
15 its legal position. Moreover, there is no evidence in the record that TAG deviated from its
16 standard procedures with respect to the payment at issue in this case. Thus, to the extent Great-
17 West's alleged failure to investigate the matter was premised upon its interpretation of the
18 policy, for the reasons set forth above, the Court concludes that its conduct was not inherently
19 unreasonable.

20 In addition, nothing in the record suggests any improper motive on Great-West's part as
21 a basis for cancelling the policy. This distinguishes this case from the *Helfand* case, *supra*, in
22 which the evidence suggested that the insurance company cancelled a policy to avoid payment
23 of coverage on claims *after* it received notice of substantial claims had been made against its
24 insureds. *Helfand*, 10 Cal. App. 4th at 904. Similarly, in *Spindle*, the court permitted the action
25 to go forward because the plaintiff alleged that the defendant had cancelled the policy to
26 "coerce and intimidate other" insureds in a dispute over premium increases. *Spindle*, 66 Cal.
27 App. 3d at 955. No such circumstances are present in this case.
28

7

Finally, Korbholz also relies on Great-West's post-appeal conduct of insisting upon the payment of back premiums to support his bad faith claim. The Court has concluded that Great-West's position was not unreasonable. There is no evidence it took this position in bad faith. Accordingly, the Court concludes that Great-West's post-appeal conduct cannot support this claim. For these reasons, the Court GRANTS Great-West's cross-motion for summary judgment on the tortious breach claim.

## CONCLUSION

For the foregoing reasons, Korbholz's motion for summary judgment is GRANTED IN PART AND DENIED IN PART, and Great-West's cross-motion is GRANTED IN PART AND DENIED IN PART. The Waldman Policy is deemed reinstated as of the date of this Order. Plaintiff shall not be required to pay any back premiums as a condition of this reinstatement but shall pay premiums on the Waldman Policy from the date of this Order forward.

A separate judgment shall issue.

**IT IS SO ORDERED.**

Dated: January 20, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE